Charles F. Fox, IV, Esquire

Attorney ID No. 206710

cffoxiv@uncapher-fox.com

Uncapher, Uncapher & Fox

Attorneys at Law

171 Columbia Avenue

Vandergrift, Pennsylvania 15690

(724) 567-6728 (Telephone)

(724) 5675636 (Fax)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL E. QUIDETTO** | : | |
| **Plaintiff** | : | |
| v. | : | Civil Action No. _____ |
| **WILLIAM BARR,** | : | |
| **Attorney General of the United States** | : | |
| **BYRON TODD JONES** | : | |
| **Director of Bureau of Alcohol,** | : | |
| **Tobacco, Firearms and Explosives** | : | |
| **CHRISTOPHER A. WRAY,** | : | |
| **Director of the Federal Bureau of** | : | |
| **Investigation** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendants** | : | |

**COMPLAINT**

COMES NOW Plaintiff Michael E. Quidetto, by and through his attorney, Charles F. Fox, IV, Esq., and files the within complaint and avers as follows:

**INTRODUCTION**

1) This is an action to uphold Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to be the United States Constitution. This right "guarantee(s) the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2) The Third Circuit Court of Appeals in *Binderup v. AG of United States,* 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second Amendment *as-applied* challenge to a non-violent misdemeanor conviction which results in a firearm and ammunition disability.

3) Federal law provides that certain criminal offenders, even some nonviolent misdemeanor offenders are prohibited from obtaining, possessing, keeping, bearing or using firearms and ammunition.

4) Defendants have prohibited certain criminal offenders pursuant to Federal law from obtaining, possessing, keeping, bearing or using firearms or ammunition.

5) Plaintiff was prohibited to transfer or purchase firearms under Pennsylvania law and Federal law because of three Driving Under the Influence (DUI) convictions.

The conviction dates of DUI offenses were December 9, 1996, October 2, 1999, and August 3, 2000. Pursuant to 75§3781 A§1 and §A4.

6) Pennsylvania statute Pa. C.S. 18§6105(c)(3) states "A person who has been convicted of driving under the influence of alcohol or controlled substance as provided in 75 Pa. C.S. 3801…or the former 75 Pa. C.S. 3731, on three or more separate occasions within a five year period. For the purpose of this paragraph only the prohibition of subsection (a) shall only apply to transfers or purchases of firearms after the third conviction.

7) Pennsylvania statute 18§6105(e)(2) states that "upon application to the Court of Common Pleas pursuant to paragraph (1) by an applicant who is subject to the prohibition under subsection (c)(3), the court shall grant such relief if a period of ten years, not including any time spent in incarceration, has passed since applicant's most recent conviction under subsection (c)(3).

8) Individuals such as Plaintiff who received relief under Pennsylvania law may still be barred by Federal law from keeping, bearing, acquiring, possessing or using a firearm, resulting in a stripping of their 2nd Amendment Rights.

9) An individual may complain to this Court through a Second Amendment as applied challenge.

10) Similar individuals as to the Plaintiff who lose their Second Amendment Rights because of nonviolent DUIs are arbitrarily denied their rights without regard to the particular circumstances of an individual's case.

11) Thus, numerous mentally sound, stable, trustworthy individuals, such as Plaintiff, are denied their Constitutional right to keep and bear arms in defense of their home, as a result of a DUI conviction, with no regard or consider of the particular circumstances surrounding the individual.

## PARTIES

12) Plaintiff, Michael E. Quidetto is an adult individual residing in New Alexandria, Westmoreland County, Pennsylvania.

13) Defendant William Barr ["Attorney General" or "Barr"] is being sued in his official capacity as the Attorney General of the United States. As Attorney General, Defendant Barr is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action. As Attorney General, Defendant Barr is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, which is an arm of the Department of Justice.

14) Defendant Byron Todd Jones ["ATF Director" or "Jones"] is being sued in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ["ATF"]. ATF is responsible for *inter alia,* regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce. As Acting Director of ATF, Defendant Jones responsible for the creation, implementation, execution, and administration of the laws, regulations, customs,

practices and policies of the United States. He is presenting enforcing the laws, regulations, customs, practices, and policies complained of in this action.

15)   Defendant Christopher A. Wray ["FBI Director" or "Wray"] is being sued in his official capacity as Director of the Federal Bureau of Investigation ["FBI"]. FBI is the agency responsible for performing background checks for federal, state, and local law enforcement authorities via the National Instant Check System ["NICS"]. FBI is responsible for maintaining the NICS database reflecting that individuals are prohibited from acquiring, possessing, and utilizing a firearm. FBI sets forth policies, procedures, regulations, and customs relating to NICS and background checks for firearm purchasers. As Director of the FBI, Defendant Wray is responsible for the execution of administration of these policies, procedures, regulations, and customs, including those complained of in this action.

16)   Defendant United States of America ["United States"] is a proper party in this action pursuant to 5 U.S.C. §702.

## JURISDICTION & VENUE

17)   This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

18)   This action seeks relief pursuant to 28 U.S.C. §§1331, 1343, 2201, 2202, 2412, and 5 U.S.C. §702. Therefore, jurisdiction is founded on 28 U.S.C. §1331, as this action arises under the Constitution and laws of the United States.

19)   This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. §2412 and 18 U.S.C. §925a.

20) Venue is proper in this district pursuant to 28 U.S.C. §139(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

## **STATEMENT OF FACTS RELATING TO PLAINTIFF**

21) The foregoing paragraphs are incorporated herein as if set forth in full.

22) Mr. Quidetto:

    a.) Is a United States citizen;

    b.) Is over 50 years old;

    c.) Is not under indictment;

    d.) Has never been convicted of a felony or misdemeanor crime of violence;

    e.) Has been convicted of a DUI graded as a misdemeanor 1 over 19 years ago;

    f.) Is not a fugitive from justice;

    g.) Has satisfied all his sentencing requirements;

    h.) Is not an unlawful user or is addicted to any controlled substances;

    i.) Has not been adjudicated mentally defective or has been committed to a mental institution;

    j.) Has never renounced his citizenship;

    k.) Is not the subject of a restraining order of "PFA"; and

    l.) Was granted relief from his state firearm disability under Pa. C.S. 18§6105(c)(3).

23) Plaintiff upon wishing to restore his firearm rights requested his Pennsylvania State Police (PSP) Criminal Record on May 30, 2017. The PSP Criminal Record Check revealed that on December 12, 1996 Plaintiff plead guilty to DUI graded as M2, on February 16, 1999 Plaintiff plead guilty to DUI graded as a M2, and on August 3, 2000 Plaintiff plead guilty to DUI graded as a M2. A true and correct copy of the June 12, 2017 PSP Criminal Record Check is attached and marked as Exhibit "A."

24) Plaintiff petitioned the Westmoreland Court of Common Pleas for relief from his firearm prohibition.

25) Plaintiff received an Order August 28, 2017 restoring his firearm rights. A true and correct copy of which is attached hereto and marked as Exhibit "B."

26) Plaintiff upon having his rights restored applied for a license to carry on September 7, 2107 which was denied.

27) Plaintiff filed a Pennsylvania Instant Check System challenge.

28) The PSP upheld their denial.

29) Plaintiff filed a Petition in the Westmoreland County Court of Common Pleas to have its August 28, 2017 Order enforced.

30) Plaintiff's DUI for which he was convicted on February 16, 1999 was graded as an M2, Docket No. 4891 C 98. A true and correct copy of the Sentence and Order for Taxing Costs is attached and marked as Exhibit "C."

31) Plaintiff received intermediate punishment for a period of 2 years probation with 60 days electronic monitoring and was granted work release. See Exhibit "C."

32) Plaintiff's DUI for which he was convicted on August 3, 2000 was in fact graded as an M1 Docket No. 2431 C99. The PSP Criminal Record showed this DUI as an M2. A true and correct copy of the Sentence and Order for Taxing Costs is attached and marked as Exhibit "D."

33) Plaintiff received mandatory 90 days to 23 months incarceration and was granted work release. See Exhibit "D."

34) Plaintiff was denied during his background check because even though receiving relief under Pennsylvania law he was still prohibited under Federal law of keeping, bearing, obtaining, possessing or using firearms.

35) Because of Plaintiff's three DUIs within five years, Plaintiff was prohibited under Pennsylvania law from acquiring any firearms after the date of his third DUI conviction (but not prohibited under Pennsylvania law from possessing any previous acquired firearms).

36) Plaintiff was age 27, 30 and 31 at the time of his convictions for DUI.

37) Plaintiff has not had any other convictions in the subsequent 19 years.

38) Plaintiff at the time of his convictions was unaware that his conviction may trigger a Federal Prohibition pursuant to 18 U.S.C. §922(g)(1).

39) Plaintiff has worked in the International Brotherhood of Electrical Worker (IBEW) local No. 5 for thirty (30) years.

40) Currently, Plaintiff contracts with Kirby Electric working as a superintendent at the Keystone Power Plant.

41) During the times Plaintiff served house arrest, he was contracted with Kirby Electric.

42) In 2017 Plaintiff became concerned for his and his family's safety and desiring to be able to protect himself and his family in their home, made application to the Westmoreland County Court of Common Pleas to have his firearm rights restored.

43) As a result of his third DUI conviction graded as an M1, Defendants contend that Plaintiff has lost his right to own, possess, use or purchase a firearm or ammunition pursuant to 18 U.S.C. 922 (g)(1).

44) There is currently no mechanism available under Federal law for Plaintiff to obtain relief from his disability, as a result of his 19 year old conviction.

45) Plaintiff is a responsible, law abiding citizen with no history of violent behavior or any other conduct that would suggest he poses any threat or danger.

46) Plaintiff's conviction for his DUI M1 is not sufficiently serious to justify being stripped of his Second Amendment rights.

47) Actual or attempted violence is not an element of a DUI offense.

48) Given Pennsylvania Law and the exception carved out for DUI convictions, Pennsylvania treats DUI offenders less seriously than other criminal offenders in relation to firearm rights.

> Therefore, Mr. Quidetto cannot possess a firearm within his own home for the protection of himself or his family, the core of the fundamental right guaranteed by the Second Amendment. See District of Columbia v. Heller, 554 U.S. 570, 581 (2008).

## **STATUTES AND REGULATIONS**

49) 75 Pa. C.S. §3731 (a) provides the following:

(a) Offense defined.-A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater

48) 75 Pa. C.S. §3731(e) provides:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(iii) Not less than 90 days if the person has twice previously been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

49) Pa.C.S. 18 §6105(a) states that "A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of

the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

50) Pa. C.S. 18 §6105(c) state that "Other persons.—In addition to any person who has been convicted of any offenses listed under subsection (b), the following persons shall be subject to the prohibition of subection (a).

51) Pa.C.S. 18 §6105(c)(3) "A person who has been convicted of driving under the influence of alchol or controlled substance as provided in 75 Pa. C.S. 3802… or the former 75 Pa. C.S. 3731, on three or more separate occasions within a five-year period. For the purpose of this paragraph only the prohibition of subsection (a) shall only apply to transfers or purchases of firearms after the third conviction.

52) Pa.C.S. 18 §6105(e)(2) states that, "upon application to the court of common pleas pursuant to paragraph (1) by an applicant who is subject to the prohibition under subsection (c) (3), the court shall grant such relief if a period of three years, not including any time spent in incarceration, has passed since the applicant's most recent conviction under subsection (c) (3)."

53) 18 U.S.C. § 922(g) provides the following:

(g) It shall be unlawful for any person –

…

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

54) Pursuant to 18 U.S.C. §921(a)(20)

The term "crime punishable by imprisonment for a term exceeding one year" does not include –

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restores shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

55) Pursuant to 18 U.S.C. §925(c), an individual prohibited from acquiring a firearm may apply to the Attorney General for relief from the prohibition, which the Attorney General may grant if "the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

56) The ATF has promulgated a rule detailing the manner that a review under 18 U.S.C. §925(c) may be sought. *See*, 27 C.F.R. §478.144.

57) However, notwithstanding the provisions of 18 U.S.C. §925(c) and 27 C.F.R. §478.144, which purport to provide a means to request relief for an individual prohibited from acquiring a firearm, the United States Congress has specifically denied any funding "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)." The Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, 128 Stat. 2130, which was re-enacted by the Further Continuing Appropriations Act, 2016, Pub. L. No. 114-96, 129 Stat. 2193.

58) Due to the above lack of funding, ATF does not in fact provide any review under 18 U.S.C. §925(c) to provide relief from a federal prohibition on purchasing, possessing or utilizing a firearm.

59) Plaintiffs conviction of his last DUI was graded as a misdemeanor of the first degree which is a crime punishable by imprisonment for a term exceeding one (1) year.

58) DUI is not a serious enough crime for a person to be stripped of their Second Amendment Rights.

60) Plaintiff is a responsible, law abiding citizen with no history of violent behavior or any other conduct that would suggest he poses any threat or danger.

61) The Federal District Court for the Middle District of Pennsylvania in *Holloway v. Sessions 349 F. Supp. 3d 451*, Holloway DUI M1 was not sufficiently serious to bar him from possessing a fire arm.

62) The Holloway Court also stated that "the Commonwealth of Pennsylvania has clearly indicated that a repeat DUI offender is not so unvirtuous that he or she must be disarmed until a third DUI conviction in five (5) years, and even then, the disability has an automatic ten-year expiration date" *Id @460.*

63) In the Federal District Court for the Middle District of Pennsylvania in *William V. Barr 379 F. Supp. 3d 360,* Plaintiff William's DUI M1 conviction was not serious.

64) Plaintiff's DUI's are not serious for the purposes of an as-applied Second Amendment challenge.

## **COUNT I:  SECOND AMENDMENT AS-APPLIED VIOLATIONS**
*(Plaintiff v. All Defendants)*

65) The foregoing paragraphs are hereby incorporated herein as if set forth in full.

66) The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."

67) The Supreme Court has held the right to keep and bear arms is a fundamental right, the core of which is to allow individuals to keep arms in their own homes for self-defense. *District of Columbia v. Heller, 554 U.S. 570, 581 (2008)*

68) The Third Circuit Court of Appeals in *Binderup v. AG of United States,* 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second

Amendment *as-applied* challenge to a non-violent misdemeanor conviction which results in a firearm and ammunition disability.

69) Defendants, Barr, Jones, Wray, and the United States have, together and separately, violated Plaintiff's Second Amendment rights by denying him the ability to purchase and possess a firearm as a result of a DUI conviction, where no one was injured and no property damages resulted.

70) If Plaintiff were to purchase a firearm or possess a firearm, he would be subject to various criminal actions in State Court or possibly Federal Court.

7) Defendant's custom, practice, and policy of prohibiting individuals who have been convicted of a DUI is an infringement and an impermissible burden on Mr. Quidetto's right to Keep and Bear Arms pursuant to the Second Amendment of the U.S. Constitution, especially in light of the fact that his crime is not historically considered to be a serious offense and his sentence was relatively minor.

72) Moreover, the current enforcement policies of Defendants prevent Plaintiff from legally purchasing or possessing a firearm and ammunition.

73) Therefore, as a direct and proximate result of the above infringement and impermissible burden on Mr. Quidetto's Second Amendment rights, Mr. Quidetto has suffered - and continues to suffer – from an unlawful deprivation of his fundamental constitutional right to Keep and Bear Arms.

74) Mr. Quidetto has incurred attorney fees and costs as a direct result of prosecuting the present court action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Quidetto respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, as follows:

a) Declare that 18 U.S.C.§922(g)(1), its derivative regulations, and all related laws, policies, and procedures violate Plaintiff's right to Keep and Bear Arms as guaranteed by the Second Amendment to the United States Constitution;

b.) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff 18 U.S.C. § 922(g)(1) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiff's exercise of his right to Keep and Bear Arms.

c.) Award Plaintiff costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a; and

d.) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully submitted,
Charles F. Fox, IV
Charles F. Fox, IV, Esq.
Attorney Id. No. 206710
cffiv@uncapher-fox.com

                                                          Attorney for Plaintiff