IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. QUIDETTO, | ) | |
| | ) | CIVIL ACTION NO. 19-1618 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LENIHAN |
| | ) | |
| WILLIAM BARR, | ) | |
| Attorney General of the United States, | ) | *(Electronic Filing)* |
| REGINA LOMBARDO, | ) | |
| Acting Director of Bureau of Alcohol, | ) | |
| Tobacco, Firearms and Explosives, | ) | |
| CHRISTOPHER A. WRAY, | ) | |
| Director of the Federal Bureau of | ) | |
| Investigation, | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO STAY THIS ACTION PENDING THE THIRD CIRCUIT ISSUING A MANDATE IN *HOLLOWAY v. BARR*__**

Plaintiff and Defendants respectfully file this Motion to stay the action pending final closure of the appellate proceedings and the issuance of a mandate in *Holloway v. Barr*, 948 F.3d 164 (3d Cir.), and in support thereof state as follows:

1. Plaintiff, Michael E. Quidetto, commenced this action by filing his Complaint on December 13, 2019, naming as Defendants three government officials and the United States. *See* ECF No. 1.

2. In his Complaint, Plaintiff brings an as-applied challenge to 18 U.S.C. § 922(g)(1), which generally prohibits the possession of firearms by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." As relief, he seeks, among other things, a declaration that application of the statute to him violates the Second

1

Amendment and asks this Court to enter an Order permanently enjoining Defendants from enforcing the statute against him based on his prior criminal convictions.

3. According to the Complaint, on August 3, 2000, Plaintiff was convicted of a third offense of driving under the influence (DUI) in violation of 75 Pa. Cons. Stat. § 3731(a)(1) and (a)(4). *Id*. at ¶ 5.

4. As a result of Plaintiff's third conviction, he is subject to § 922(g)(1). *Id*. at ¶ 38.

5. Plaintiff alleges that he wishes to possess a firearm because he is "concerned for his and his family's safety" and contends that his convictions were "not sufficiently serious to justify being stripped of his Second Amendment rights." *Id*. at ¶¶ 42 and 46.

6. On January 17, 2020, the U.S. Court of Appeals for the Third Circuit in *Holloway v. Barr*, 948 F.3d 164 (3d Cir. 2020), considered an as-applied challenge to § 922(g)(1) brought by a recidivist DUI offender convicted under Pennsylvania law. Circuit Judge P. Schwartz writing for the Court reversed the lower court holding that a DUI offense is a serious offense as contemplated by *Binder v. Attorney General*, 836 F.3d 336 (3d Cir. 2016) (*en banc*), and that prohibitions on the possession of firearms by felons who commit serious crimes comport with the Second Amendment.

7. The appellate proceedings in *Holloway* have not closed and the Third Circuit has not issued a mandate. Because Plaintiff presents a similar claim to *Holloway*, and the *Holloway* decision is likely to have a significant impact on the analysis of Plaintiff's claim in this case, the parties agree that it would be prudent to stay the proceedings until the appellate proceedings in *Holloway* have closed and the Third Circuit issues a mandate.

8. District courts have broad power to stay proceedings. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). A district court's power to stay

proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* at 1215 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).  In exercising its discretion, a district court can "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel*, 544 F.2d at 1215.  In this regard, the issues and the parties to the two causes need not be identical before one suit may be stayed to abide the proceedings of another.  *See Landis*, 299 U.S. at 254.  While a court would abuse its discretion by issuing a stay "of indefinite duration in the absence of a pressing need," *id.* at 255, a district court must exercise its judgment in weighing the competing interests and maintaining an even balance when staying a proceeding.  *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983).

       9.      A stay of the action for the purposes explained in this Motion will not unduly delay this matter or prejudice the parties.

       10.     For the Court's information, Defendants note that a stay has been ordered in two (2) similar actions pending in this Court: *Makara v. Barr et al.*, No. 2:19-cv-593-MPK (W.D. Pa.) and *Radaker v. Barr et al.*, No. 2:19-cv-712-CB (W.D. Pa.).  *See* Exs. A and B attached.

       11.     Additionally, both cases remain stayed until the *Holloway* appeal proceedings close and the Third Circuit issues a mandate.  *See Makara*, No. 2:19-cv-593 at ECF No. 9, and *Radaker*, No. 2:19-cv-712 at ECF No. 12.

WHEREFORE, the parties respectfully request that the Court issue an Order staying this matter until the appeal proceedings close in *Holloway v. Barr*, 948 F.3d 164 (3d Cir. 2020) and the Third Circuit issues a mandate.

A proposed Order is attached.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7567
PA ID No. 203759

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2020, a true and correct copy of the foregoing Joint Motion to Stay this Action Pending the Third Circuit Issuing a Mandate in *Holloway v. Barr* was served by first-class mail and/or electronically, to and upon the following:

Charles F. Fox, IV<br>
Uncapher, Uncapher & Fox<br>
171 Columbia Avenue<br>
Vandergrift, PA  15690

*/s/ Kezia Taylor*
KEZIA TAYLOR
Assistant U.S. Attorney